United States District Court
Southern District of Texas
**ENTERED**
April 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NHUAN KHIEM TRAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-00417 |
| | § | |
| PAMELA BONDI, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

At the time the petitioner, Nhuan Khiem Tran, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, he was a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Respondents advise that Tran was scheduled to be removed from the United States on March 15, 2026. Doc. No. 10. A search of the ICE Locator website, available to the public, also reflects that Tran is no longer in custody. Tran does not dispute that he has been removed and that this case is moot, and more than 20 days have passed since the Respondents filed their advisory stating that Tran was on a flight to Vietnam scheduled for March 15, 2026. *See* Doc. No. 4 at 3, Doc. No. 10 at 2.

Because the petitioner is no longer in custody and no controversy remains, his petition must be dismissed as moot. *See Spencer v. Kemna*, 118 S. Ct. 978, 983 (1998) (holding that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution" because "[t]he parties must continue to have a 'personal

1 / 2

stake in the outcome' of the lawsuit'") (quoting *Lewis v. Cont'l Bank Corp.*, 110 S. Ct. 1249, 1254 (1990)).

Therefore, the Court **ORDERS** as follows:

1. This habeas petition is **DISMISSED** without prejudice as **MOOT.**

2. All pending motions, if any, are **DENIED as MOOT.**

3. This case is **CLOSED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED on this _____2ⁿᵈ_____ day of April 2026.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE